*111 OPINION.
Lansdon:
The sole issue in this appeal is whether the original closing inventory or the revised inventory is the proper one to adopt in computing the taxable income of the taxpayer for the year 1918. The Commissioner adopted the original inventory and rejected the revised inventory upon the theory that the revised inventory was based on an estimate due to the prospect that certain conditions might obtain in the future. The question resolves itself into *112 whether the revised closing inventory was in fact based on market values as of December 31, 1918, or was based on an estimate of what the articles inventoried would bring in the future.
Section 203 of the Revenue Act of 1918 provides:
That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis.as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.
The Commissioner has prescribed, by regulations, that when an inventory purports to be upon the basis of the market value, such market value shall be as of the time at which the inventories are taken and shall not be based upon future contingencies.
There is no question that in December, 1918, the market for canned tomatoes was in an uncertain and chaotic condition. Canneries were stocked up with enormous quantities of tomatoes which had been packed at the instance of the United States Food Administration in anticipation of their use by the armed forces of the United States in the World War. Forty-five per cent was expressly reserved for the United States Government. After the Armistice deliveries and sales to the Government were refused. There was also the probability of the market being flooded by the United States Quartermaster sales. There had been no sales by the taxpayer in December, 1918. There was an extreme uncertainty as to just what the stock on hand was worth irnthe market at that time. The taxpayer made its original closing 1918 inventory, to the best of its ability, in the week following the close of the year. Three or • four 'weeks later, after market conditions became better known and after a careful study of market conditions had been made, the taxpayer found it had overestimated the December 31, 1918, values and revised its inventory accordingly.
As to whether the inventory values were in fact based on future contingencies or upon the December, 1918, market condition, we must look to the parties that actually fixed the inventory values. All the parties instrumental in fixing the values have testified convincingly that the revised inventory values as of December 31, 1918, were based on market conditions that existed at that time and not upon future contingencies. No other evidence on this point is before the Board. We feel that we can not disregard such positive and uncontroverted testimony. This Board has heretofore recognized revised closing inventories made in good faith. Appeal of Summit Wholesale Grocery Co., 1 B. T. A. 1040. Therefore, we are of the opinion that the Commissioner erred in refusing to accept the revised inventory.